IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DOE 167,

    Plaintiff,

v.  No. 1:20-cv-00907-WJ-LF

SISTERS OF SAINT
FRANCIS OF COLORADO SPRINGS,

    Defendant.


JOHN DOE 195,

    Plaintiff,

v.  No. 1:20-cv-00908-WJ-LF

SISTERS OF SAINT
FRANCIS OF COLORADO SPRINGS,

    Defendant.


JOHN DOE 196,

    Plaintiff,

v.  No. 1:20-cv-00909-WJ-LF

SISTERS OF SAINT
FRANCIS OF COLORADO SPRINGS,

    Defendant.


**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER REQUIRING PLAINTIFFS TO DISCLOSE THEIR IDENTITIES AND PROSECUTE THEIR CASES IN THEIR OWN NAMES**

THIS MATTER comes before the Court on Defendant's above-listed motion (the "Motion"), filed November 23, 2020 (**Doc. 26**).[1] Defendant seeks an order requiring Plaintiffs, who are currently proceeding under the aliases John Doe 167, John Doe 195, and John Doe 196, to file amended complaints that substitutes Plaintiffs in their real name as the party in interest. The Court finds Defendant's argument on the misleading numerical identification of Plaintiffs is well-taken, but otherwise finds the Motion is not well-taken. Therefore, the motion is GRANTED IN PART and DENIED IN PART.

**Background**

This action, a trio of cases currently consolidated for discovery purposes, involves allegations that Plaintiffs were each subject to multiple instances of sexual abuse during periods in which they were minors residing at Saint Anthony's School for Boys, a defunct orphanage that Defendant Sisters of Saint Francis of Colorado Springs[2] (the "Sisters of Saint Francis") operated in Albuquerque, New Mexico. Defendant is a Roman Catholic religious order of nuns based in Colorado Springs, Colorado. Doc. 1. Plaintiffs filed three separate lawsuits in the Second Judicial District Court in Bernalillo County,[3] which Defendant timely removed pursuant to 28 U.S.C. § 1441(a) based on diversity jurisdiction. *Id.* Plaintiffs are adult males who allege Defendant is liable for the abuse they endured. Each Plaintiff filed his respective complaint under a John Doe

---

[1]  The dockets in these three cases are substantially similar. All citations in this Memorandum Opinion and Order refer to the docket of the lead case, *John Doe 167 v. Sisters of Saint Francis of Colorado Springs*, 1:20-cv-00907-WJ-LF, unless otherwise stated. This Motion is Doc. 27 in *John Doe 195 v. Sisters of Saint Francis of Colorado Springs*, 1:20-cv-00908-WJ-LF, and it is Doc. 25 in *John Doe 196 v. Sisters of Saint Francis of Colorado Springs*, 1:20-cv-00909-WJ-LF.

[2]  Defense counsel states that Plaintiff has incorrectly named the defendant. Its proper name is "The Sisters of St. Francis of Colorado Springs, Inc."

[3]  *John Doe 167 v. Sisters of Saint Francis of Colorado Springs* was filed as D-202-CV-2020-04483. *John Doe 195 v. Sisters of Saint Francis of Colorado Springs* was filed as D-202-CV-2020-04825. *John Doe 196 v. Sisters of Saint Francis of Colorado Springs* was filed as D-202-CV-2020-04824.

pseudonym. The allegations in each of these complaints reach back more than five decades.[4]

## Legal Standard

The Federal Rules of Civil Procedure "make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017) (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam)). Rather, Rule 10(a) requires that the title of a complaint "name all the parties," Fed. R. Civ. P. 10(a). Moreover, Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).

The Tenth Circuit provides a limited exception to the Federal Rules of Civil Procedure, as governing case law recognizes that there may be "exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). This exception can include "cases involving matters of a highly sensitive and personal nature." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992)). A district court must exercise "informed discretion" and weigh a plaintiff's claimed right to privacy against the countervailing public interest in open court proceedings. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). A district court's determination on whether to allow a party to proceed under a pseudonym is reviewed for abuse of discretion. *Id.* at 802.

## Discussion

The Motion contains three general arguments: (1) The Court lacks jurisdiction over this

---

[4] John Doe 167 alleges that his abuse occurred from 1958 to 1965. Doc. 1-1 ¶ 8 (Complaint of John Doe 167, 1:20-cv-00907-WJ-LF). John Doe 195 alleges his abuse occurred from approximately 1962 to 1966. Doc. 1-1 ¶ 10 (Complaint of John Doe 195, 1:20-cv-00908-WJ-LF). John Doe 196 alleges his abuse began in some point in the 1950s and continued until he ran away from St. Anthony's and went to live with his grandmother. Doc. 1-1 ¶¶ 9–15 (Complaint of John Doe 196, 1:20-cv-00909-WJ-LF).

case because Plaintiffs have not made a request to proceed anonymously; (2) Plaintiffs have not demonstrated exceptional circumstances showing that the need for anonymity outweighs public interest; and (3) allowing Plaintiffs to proceed as John Does will unfairly prejudice Defendant. The Court will address each argument in turn.

I.  **Plaintiffs have made a timely request to proceed anonymously**

Parties must make a "request to the district court for permission to proceed anonymously," otherwise "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.[5] *Triumph Gear*, 870 F.3d at 1249–50 (quoting *Nat'l Commodity*, 886 F.2d at 1245); *see also W.N.J. v. Yocom*, 257 F.3d 1171, 1172–73 (10th Cir. 2001) (dismissing appeal for lack of jurisdiction because "plaintiffs failed to request permission from the district court before proceeding anonymously").

In responding to the Motion, Plaintiffs make the required request on the record. Doc. 33 at 2. The Court will accept Plaintiffs' request as timely because it would be impossible for the Court to apply a strict reading of the Tenth Circuit's case law on this issue to cases originally filed in state court.[6] Plaintiffs sought permission to proceed anonymously after Defendant removed the cases to federal court and before the Court has made any dispositive ruling. The Court concludes that it retains jurisdiction to grant or deny Plaintiff's request for permission during this period of

---

[5] Defendant does not raise a direct jurisdictional challenge in its brief, which argues only that Plaintiffs failed to request permission to proceed anonymously. Doc. 26 at 3. Whether Plaintiffs made a timely request centers on a jurisdictional requirement, which the Court will consider *sua sponte*. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.").

[6] The Court rejects Plaintiffs' request for "deference to the State of New Mexico's judicial system's 'blanket finding' that childhood sexual abuse survivors be permitted to remain anonymous until their trials." Doc. 33 at 4. When exercising its diversity jurisdiction, this Court must apply New Mexico substantive law. *See Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). But this mandate does not allow Plaintiffs to argue that this Court should defer to a state court procedural practice. Federal courts are bound to follow federal procedural law. *Hanna*, 380 U.S. at 465 (1965).

time.

## II. Plaintiffs have demonstrated that this case involves matters of a highly sensitive and personal nature that outweigh the public's interest in open court proceedings.

The legal standards in this analysis are on Defendant's side. As the Eleventh Circuit notes:[7]

> [Rule 10(a)] serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties. This creates a *strong presumption* in favor of parties' proceeding in their own names.

*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (internal citations and quotations omitted) (emphasis added). But no rule is absolute. A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 1315–16. (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). Defendant argues that the public interest requires Plaintiffs to identify themselves and that Plaintiffs forfeited their privacy rights by allowing the case to be covered in two articles that appeared in the *Albuquerque Journal*. Doc. 26 at 4–7.

The Court is not convinced that the public interest requires public knowledge of these Plaintiffs' identities. Defendant cites to *Doe v. Regents of Univ. of New Mexico* and *Coe v. U.S. District Court for District of Colorado* in support of its argument. Both of these cases are readily distinguishable from the one at hand. *Regents* involved a plaintiff with clinical depression suing her medical school for an alleged violation of the Americans with Disabilities Act, with the issue centering on whether the plaintiff was expelled because of her clinical depression and the school's alleged failure to accommodate this disability, or for some other legitimate reason such as her

---

[7] The Tenth Circuit has looked to the Eleventh Circuit for guidance in addressing the balancing test employed to determine whether a party may proceed with a pseudonym. *See Femedeer*, 227 F. 3d at 1246.

5

qualifications or performance. 1999 WL 35809691, at *1–2 (D.N.M. Mar. 10, 1999). This was a "live" controversy, as the *Regents* plaintiff sought, among other remedies, reinstatement as a medical student at the defendant's institution. *Id.* In contrast, this consolidated case centers on decades-old allegations and Plaintiffs do not seek any form of equitable relief that would weigh in favor of public disclosure of their identities. *Coe* provides an even starker contrast, as that case centered on a plaintiff-doctor who sought to use a pseudonym in his license revocation hearing. 676 F.2d 411, 412 (10th Cir. 1982). The *Coe* plaintiff was accused of engaging in sexual improprieties with his patients. *Id.* The Tenth Circuit concluded that the public, which included Dr. Coe's present and potential patients, had a strong interest in free access to the serious allegations of professional misconduct leveled against him. *Id.* at 414. It is readily apparent that, in connection with this case, the public has only a minimal interest in identifying these John Doe Plaintiffs.

Although Plaintiffs are now men in their fifties and sixties, their privacy interests still remain significant despite the passage of time. This lawsuit requires Plaintiffs to disclose facts surrounding the alleged sexual acts they were forced to perform or be subject to during their youth, facts that, according to their counsel, they have kept secret for decades due to shame and fear of stigmatization. Doc. 33 at 10. Plaintiffs' counsel also represents that this case might require Plaintiffs to put other sensitive issues on the record, such as current sexual dysfunctions resulting from their childhood abuse. *Id.* at 3. Every stage of this lawsuit will likely involve highly sensitive disclosures, and thus the privacy interest of Plaintiffs is significant enough to outweigh public interest. *Coe* at 416 (discussing special circumstances whereby courts have allows plaintiffs to use fictious names and noting that plaintiffs in many of the gathered cases were required to "divulge personal information of the utmost intimacy") (quoting *S. Methodist Univ. Ass'n of Women Law*

*Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). The Court also finds it important that the underlying conduct occurred while Plaintiffs were underage.

Defendant's *Albuquerque Journal* exhibits offer little reason for the Court to find that Plaintiffs' privacy interests are diminished in this case. None of the John Does offered any statements to the press, and it is readily apparent that the reporters behind these two articles used the three publicly filed complaints as their primary source material. Doc. 26, Exs. 1 & 2. The Court will not find that Plaintiffs' counsel's decision to provide commentary on the lawsuits affects their clients' personal privacy interests.

Upon balancing the presumption of openness of judicial proceedings and the public's legitimate interest in that openness with the Plaintiffs' privacy rights, the Court finds that the factors at this time tip in favor of allowing Plaintiffs to remain anonymous to the general public. The Court recognizes that, should this case proceed to trial or other developments arise, this balance could change. Accordingly, the Court remains open to reevaluating its conclusion should the need arise.

**III.    With the exception of the misleading numerical identification of Plaintiffs, allowing the Plaintiffs to proceed anonymously will not unfairly prejudice Defendant**

Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not. *Plaintiff B*, 631 F.3d at 1315 (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)). The three John Does in this case are bringing highly sensitive, and potentially inflammatory, claims against the Sisters of Saint Francis. Were the Court to grant this Motion and order Plaintiffs to prosecute the case under their own names, the claims would remain just as sensitive. Moreover, the Sisters of Saint Francis no longer operate orphanages and the organization's ties with Albuquerque, New Mexico are now largely historical, thus

reducing the effect these claims have on Defendant. After carefully considering the issue, the Court finds that the public anonymity of the Plaintiffs does not unduly embarrass or unfairly prejudice Defendant.

The Court agrees unequivocally with Defendant that Defense counsel has a right to conduct discovery knowing fully the identities of the men leveling these accusations against the Sisters of Saint Francis. Parties have a Joint Motion for Protective Order and Confidentiality Order pending before U.S. Magistrate Judge Laura Fashing. Doc. 50. Each party has drafted a proposed Confidentiality and Protective Order ("CPO") for the Court to review and potentially adopt. Under the terms of both proposed CPOs, Defendant will be provided full identifying information for each Plaintiff. *See id.*, Exs. A & B. Defendant will be able to investigate issues in discovery related to the credibility of each Plaintiff and the veracity of his claims once the CPO is entered.

Finally, the Court takes issue with Plaintiffs' counsel's captioning of these three lawsuits by identifying the Plaintiffs as John Doe 167, John Doe 195, and John Doe 196, because such identification of these three Plaintiffs implies to the public that there are at least another 193 individual John Does who have claims against the Sisters of Saint Francis. Absent a showing that there are 193 additional claimants, the Court will not allow Plaintiffs to proceed in this manner because of the potential for unfair prejudice to the Defendant.

## Conclusion

For the reasons discussed above, the Court hereby DENIES IN PART Defendant's Motion (Doc. 26). The Motion is GRANTED IN PART as to Defendant's implicit request that the Court order Plaintiffs to abandon their misleading aliases. **The Court will grant Plaintiffs leave until March 5, 2021 to file an amended complaint in each lawsuit that substitutes the current "John Doe" alias with John Doe 1, John Doe 2, or John Doe 3.** Should Plaintiffs wish to make

a showing on the record that the current aliases are not misleading, they may file with the Court, under seal, evidence related to this issue as a supplement to the record.

Furthermore, **Plaintiffs must file an additional <u>unredacted complaint under seal</u> in each lawsuit that places on the record the Plaintiff in his real name as the party in interest.**

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE